IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

US BANK NATIONAL : 
ASSOCIATION, as Trustee for MASTR :
Asset Baked Securities Trust 2006-HE4, :
:
    Plaintiff, :
: CIVIL ACTION NO.
    v. : 1:11-CV-2614-TWT-CCH
:
ARNITA A. KELLY and MICHAEL :
LEON KELLY, or Occupant, :
:
    Defendants. :

## **O R D E R**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing

for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

IT IS SO ORDERED this 23rd day of August, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION, as Trustee for MASTR Asset Baked Securities Trust 2006-HE4, | CIVIL ACTION NO. 1:11-CV-2614-TWT-CCH |
| Plaintiff, | |
| v. | |
| ARNITA A. KELLY and MICHAEL LEON KELLY, or Occupant, | |
| Defendants. | **FINAL REPORT AND RECOMMENDATION** |

The above-captioned action was originally filed in the Magistrate Court of Fulton County, Georgia. The Defendants in the original action, Arnita A. Kelly and Michael Leon Kelly, removed the action by filing a "Removal of Federal Stay Pursuant to 28 USCA 1446(D)" [1] in this Court on August 8, 2011.

The removal of state court actions to federal court is governed by 28 U.S.C. § 1441, which provides, in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

When a state court action is removed pursuant to 28 U.S.C. § 1441, the Court must make an independent determination regarding the appropriateness of removal before it resolves any pending motions. 28 U.S.C. § 1446(c)(4) provides, in relevant part:

> The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

28 U.S.C. § 1446(c)(4); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *University of South. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("removal jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction" and remand is mandatory when a court determines that it lacks subject matter jurisdiction, notwithstanding the presence of other motions pending before the court).

As the party removing the action to federal court, the defendant has the burden of establishing federal jurisdiction over the action. *See Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)*; Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Moreover, in determining whether a defendant has met that burden

of establishing that removal is appropriate under 28 U.S.C. § 1441, federal courts must resolve all doubts against removal:

> Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L.Ed. 1214 (1941). Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (*citing Boyer v. Snap-on Tools Corp.*, 913 F.2d 108 (3d Cir. 1990); *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir. 1983)). A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts.

*University of South. Ala.*, 168 F.3d at 411.

The general test for whether a cause of action arises under federal law and is therefore removable under 28 U.S.C. § 1441 requires that a court look only to the face of the plaintiff's complaint to ascertain whether a claim has been asserted under federal law. *See Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 84 (1989) ("The presence or absence of federal jurisdiction is governed by the 'well-pleaded complaint' rule."). "Under our long standing interpretation of the current statutory scheme, the question of whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharmaceuticals v.*

3

*Thompson*, 478 U.S. 804, 808 (1986) (*quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)).

Thus, under the "well-pleaded complaint" rule, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (*citing Gully v. First National Bank*, 299 U.S. 109, 112-113 (1936)). In *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983), the Supreme Court reiterated the principle that removal must be based solely upon the plaintiff's claim against the defendant:

> "Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution." For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case "arises under" federal law. "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."

*Franchise Tax Bd.*, 463 U.S. at 10-11 (emphasis in original) (*quoting Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) and *Gully v. First National*

*Bank*, 299 U.S. 109, 112 (1936)); *see also In re Carter*, 618 F.2d 1093, 1100-01 (5th Cir. 1980) (for purposes of removal on the basis of a federal question, "[t]he federal controversy must be disclosed on the face of the complaint, unaided by the answer or by the petition for removal.").[1]

Thus, removal is generally proper under 28 U.S.C. § 1441 only if a plaintiff's well-pleaded complaint asserts a federal cause of action against the defendant. Exceptions to the well-pleaded complaint rule include civil rights actions and actions involving a claim in an area of law that is governed by a federal statute that preempts state laws, such as the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 *et seq.*, and the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq*. *See* 28 U.S.C. § 1443 (cases involving civil rights claims are removable); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1975) (state court action involving common law tort and contract claims related to employee benefits may be removed under 28 U.S.C. § 1441 because federal defense under ERISA preempts state law); *Avco Corp. v. Aero Lodge No. 735, Intern. Ass'n of Machinists*, 390 U.S. 557 (1968) (state court action involving a breach of contract claim arising under a collective

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

5

bargaining agreement may be removed under 28 U.S.C. § 1441 because LMRA preempts state law in claims involving labor relations); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-393 (1987) (explaining the "complete pre-emption doctrine" as an exception to the well-pleaded complaint rule: "On occasion, the Court has concluded that the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'") (*quoting Metropolitan Life Ins. Co.*, 481 U.S. at 65).

Accordingly, the Court must examine the "Removal of Federal Stay Pursuant to 28 USCA 1446(D)" [1] ("Notice of Removal") to determine whether this action has been properly removed to this Court. In order for removal to be proper, the Defendants must demonstrate that the action they seek to remove is based on diversity jurisdiction, or that the action as pled by the Plaintiff in state court contains one or more claims arising under the Constitution, treaties or laws of the United States. 28 U.S.C. §§ 1441(a), (b), 1331(a), 1332.

The Defendants have not alleged in the Notice of Removal that this action is removed to this Court on the basis of diversity jurisdiction; under 28 U.S.C. § 1441(b), diversity is not a ground for removal if the defendant is a citizen of the

6

state in which the action is brought. In this case, Defendants state that their residence is in Alpharetta, Georgia. *See* Notice of Removal at 3. Defendants also do not contend that the Plaintiff brought any claim in the state court arising under the Constitution, treaties or laws of the United States. Instead of alleging that the Plaintiff's complaint raises a claim under federal law, Defendants are attempting to remove the state court action by asserting defenses or counterclaims which attempt to raise questions of federal law. *See* Notice of Removal (asserting defenses or counterclaims under the Fair Debt Collections Practice Act and Truth in Lending Act, and asserting that "[t]he proceedings occurring in violation of the Uniform Commercial Code").

Because Defendants have failed to establish that the Plaintiff's complaint filed in state court alleges a federal cause of action or has presented a federal question on its face, under the "well-pleaded complaint" rule, this action must be remanded pursuant to 28 U.S.C. § 1446(c)( 4). *See Federal Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D. Ga. 1975) ("defendant's defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action"). Accordingly, the Defendants have failed to establish that this Court has subject matter jurisdiction over the claims asserted by Plaintiff and this action must be remanded.

Accordingly, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of Fulton County.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

IT IS SO RECOMMENDED this 23rd day of August, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE